```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BECKLEY
```

**SALLY JEAN WILSON, et al.,**

    **Plaintiffs,**

**v.**                                     **CIVIL ACTION NO. 5:05-0135**

**JOHN W. HATCHER, Judge**
**of the Circuit Court of Fayette**
**County, West Virginia, et al.,**

    **Defendants.**

## MEMORANDUM OPINION

Pursuant to the court's order of September 15, 2005, in which the court overruled both plaintiff's objections to Magistrate Judge R. Clarke VanDervort's Proposed Findings and Recommendation [hereinafter "Findings and Recommendation" or "F & R"], confirmed and accepted the F & R, and indicated that an explanatory memorandum opinion would follow forthwith, the court now issues its memorandum opinion.

All of plaintiff's objections are irrelevant to the court's conclusions contained in the F & R.  The F & R concludes that plaintiff has not exhausted state relief under 28 U.S.C. § 2254 and that she has not stated a claim under 42 U.S.C. § 1983, and as such, her suit must be dismissed.  Plaintiff's first objection is that the West Virginia Code obligates Fayette County to provide her with copies of all statements and transcripts.  (Obj. ¶ 1.)  Notwithstanding the fact that plaintiff has provided the court with copies of portions of the transcript from her trial,

documents pertaining to her appeal, and records of proceedings respecting domestic disputes, this objection is irrelevant to the issues reached in the F & R.  Similarly, plaintiff's second objection is that she was refused a protective order for six months.  Id. ¶ 2.  This issue is also irrelevant to the findings in the F & R.

Plaintiff's third, fourth, fifth, sixth, twelfth, thirteenth, and fifteenth issues deal with evidentiary issues at plaintiff's trial.  Although it is possible that some of these issues might be relevant to a habeas claim, they are not relevant to the issue of whether plaintiff exhausted her remedies at state law before filing a federal habeas petition.  See id. ¶¶ 3-6, 12, 13, 15.  Petitioner's seventh, eighth, ninth, and fourteenth issues have to do with alleged errors in the state court records that appear to be, at best, scriveners' mistakes occurring during the course of plaintiff's court proceedings.  These issues are also irrelevant to the conclusions contained in the F & R.  See id. ¶¶ 7-9, 14.  Plaintiff's tenth objection is that none of the courts or attorneys involved in this litigation ever advised her of any necessity to file a petition seeking appellate review until after her time to file such a petition expired.  Id. ¶ 10.  Again, this objection is irrelevant to the conclusions contained in the F & R.  Plaintiff's sixteenth objection is that her daughter is now in state custody and has been neglected and

abused.  Id. ¶ 16.  This issue is also irrelevant to the conclusions contained in the F & R.  As such, the court is not required to address it de novo.

Even accounting for the fact that the court is obligated to hold this pro se plaintiff to a less stringent standard than that required of attorneys, see Haines v. Kerner, 404 U.S. 519, 520 (1972), having reviewed the record under that less exacting standard, the court reaches the same conclusions as did the magistrate judge in his Proposed Findings and Recommendations. Plaintiff's objections are accordingly OVERRULED.

The Clerk is directed to forward a copy of this Memorandum Opinion to the plaintiff, pro se, and to all counsel of record.

IT IS SO ORDERED this 15th day of September, 2005.

ENTER:

_David A. Faber_
David A. Faber
Chief Judge